Citation Nr: 1722373 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 13-15 085 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to a disability rating in excess of 10 percent for a coronary artery bypass graft scar. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

Patricia Veresink, Counsel



INTRODUCTION

The Veteran had active duty service from December 1967 to December 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

The Board remanded the issue for further development in December 2016. The case has been returned to the Board for appellate review.


FINDING OF FACT

The Veteran's coronary artery bypass graft scars covered 34.9 square centimeters (cm) and included one painful, but not unstable, scar.


CONCLUSION OF LAW

The criteria for a disability rating in excess of 10 percent for coronary artery bypass graft scar have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.118, Diagnostic Codes 7801, 7802, 7804, 7805 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify and assist a claimant in the development of a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2016).

Here, the Veteran's increased rating claim arises from his disagreement with the initial evaluation and that was assigned following the grant of service connection. Once service connection is granted, the claim is substantiated, additional notice is not required, and any defect in the notice is not prejudicial. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007) (section 5103(a) notice is no longer required after service-connection is awarded).

The Board also notes that actions requested in the prior remands have been undertaken. Indeed, a VA examination was afforded. Accordingly, the Board finds that there has been substantial compliance with the prior remand instructions and no further action is necessary. See D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict, compliance with the terms of a Board remand is required pursuant to Stegall v. West, 11 Vet. App. 268 (1998)). 

In addition, the Board finds that the duty to assist a claimant has been satisfied. The Veteran's service treatment records are on file, as are various post-service medical records. A VA examination has been conducted and any necessary opinions obtained.

After a careful review of the file, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). 

Increased Rating - Coronary Bypass Scar

Disability ratings are determined by applying the criteria set forth in the VA Schedule of Rating Disabilities (Rating Schedule) and are intended to represent the average impairment of earning capacity resulting from disability. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. Disabilities must be reviewed in relation to their history. 38 C.F.R. § 4.1. Other applicable, general policy considerations are: interpreting reports of examination in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating many accurately reflect the elements of disability, 38 C.F.R. § 4.2; resolving any reasonable doubt regarding the degree of disability in favor of the claimant, 38 C.F.R. § 4.3; where there is a questions as to which of two evaluations apply, assigning a higher of the two where the disability pictures more nearly approximates the criteria for the next higher rating, 38 C.F.R. § 4.7; and, evaluating functional impairment on the basis of lack of usefulness, and the effects of the disability upon the person's ordinary activity, 38 C.F.R. § 4.10. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991). 

A claimant may experience multiple distinct degrees of disability that might result in different levels of compensation from the time the increased rating claim was filed until a final decision is made. Thus, separate ratings can be assigned for separate periods of time based on the facts found - a practice known as "staged" ratings. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Veteran's coronary bypass scar is currently rated at 10 percent under 38 C.F.R. § 4.118, Diagnostic Code 7804. Under that regulation, five or more scars that are unstable or painful warrant a 30 percent disability rating. Three or four scars that are unstable or painful warrant a 20 percent disability rating. One or two scars that are unstable or painful warrant a 10 percent disability rating. The regulation states that if a scar or scars are both unstable and painful, an additional 10 percent may be added to the disability rating. Diagnostic Code 7804 also specifically notes that scars may be evaluated under this code may also receive an evaluation under Diagnostic Codes 7800, 7801, 7802, or 7805. 38 C.F.R. § 4.118.

Diagnostic Code 7801 addresses scars not of the head, face, or neck, that are deep and nonlinear. Under that regulation, deep and nonlinear scars covering an area or areas of 144 square inches (929 sq. cm.) or greater warrant a 40 percent disability rating. Deep and nonlinear scars covering an area or areas of at least 72 square inches (465 sq. cm.) but less than 144 square inches (929 sq. cm.) warrant a 30 percent disability rating. Deep and nonlinear scars covering an area or areas of at least 12 square inches (77 sq. cm.) but less than 72 square inches (465 sq. cm.) warrant a 20 percent disability rating. Deep and nonlinear scars covering an area or areas of at least 6 square inches (39 sq. cm.) but less than 12 square inches (77 sq. cm.) warrant a 10 percent disability rating. 38 C.F.R. § 4.118.

Under Diagnostic Code 7802, scars not of the head, face, or neck, that are superficial and nonlinear that cover an area or areas of 144 square inches (929 sq. cm.) or greater warrant a 10 percent disability rating. 38 C.F.R. § 4.118.

Under Diagnostic Code 7805, any disabling effects not considered in a rating provided under the above diagnostic codes may be evaluated. 38 C.F.R. § 4.118.

The Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that all of the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

To receive a higher disability rating, the Veteran's scar must be unstable as well as painful, be deep and nonlinear covering an area or areas of at least 6 square inches (39 sq. cm.) but less than 12 square inches (77 sq. cm.), be superficial and nonlinear covering an area or areas of 144 square inches (929 sq. cm.) or greater, or produce an additional disabling effect. 38 C.F.R. § 4.118.

The Veteran was afforded a VA examination in June 2011 regarding his heart. The examiner described a well-healed midline sternal scar, which is freely moveable and has the appearance of a typical post-surgical scar. In the middle of the scar is some sternal discomfort with deep palpation. 

The Veteran was afforded an additional VA examination in January 2017. The examiner reviewed the Veteran's claims file. He described the Veteran's coronary artery bypass scar. The Veteran had four vessel bypass in 2007 with a residual painful scar that wakes him up at night. The examiner noted that it was a painful scar, but specifically stated that the scar was not unstable and was without frequent loss of covering of skin over the scar. The Veteran's bypass resulted in four scars, only one of which was painful. The scars included a midline scar measuring 22 by 1.5 cm, a right upper chest scar measuring 2 by 0.2 cm, a right lower chest scar measuring 1.5 by 0.5 cm, and a left lower chest scar measuring 1.5 by 0.5 cm. The examiner noted functional impairment in that the Veteran was limited in carrying anything that touched his chest due to pain. 

The Veteran's medical treatment records do not indicate any additional findings, symptoms, or impairment due to his coronary bypass scars. 

In this case, the most probative evidence indicates that the Veteran has one scar that is painful but not unstable and three scars that are neither painful nor unstable. The scars cover 34.9 square cm, less than the area required for a higher disability rating. The Veteran's scars result in no additional impairment beyond pain. Accordingly, the Board finds that the preponderance of the evidence is against the claim for a disability rating in excess of 10 percent for his scarring.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. As the preponderance of the evidence is against the claim for a disability rating in excess of 10 percent for coronary bypass scar, the benefit of the doubt rule does not apply. 38 C.F.R. § 5107; 38 C.F.R. § 3.102.


ORDER

Entitlement to a disability rating in excess of 10 percent for coronary artery bypass graft scar is denied.



____________________________________________
B. MULLINS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs